UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV621-023 |
| ) | |
| G.D.C. STATEWIDE ) | |
| ALL PERSONEL and ) | |
| U.S. GOVERNMENT, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at Georgia State Prison, has submitted a complaint under 42 U.S.C. § 1983. Doc. 1. He has also filed motions for emergency injunctive relief, doc. 2, leave to proceed *in forma pauperis* (IFP), doc. 5, and the Court's assistance in hiring a private attorney, doc. 7, and obtaining funds from a Georgia Department of Revenue account, doc. 8. Plaintiff's motions for assistance in securing counsel and funds are **DISMISSED**. Furthermore, the Court **RECOMMENDS** that the motions for injunctive relief and for leave to proceed IFP be **DENIED** and this case **DISMISSED**.

Plaintiff attests that he is entitled to at least $22,000 currently being held in a Georgia Department of Revenue unclaimed property account. Doc. 7 at 1; doc. 8 at 1. He further claims that his incarceration inhibits his access to these funds. *See* doc. 5 at 2. Plaintiff requests that the Court "call a white woman federal civil rights attorney [who] charges under $20,000" in order to arrange for his representation in this case. Doc. 7. Similarly, he requests that the Court call the Georgia Department of Revenue to arrange for $500 to be transferred to cover his filing fee in this case. Doc. 8. Plaintiff clearly confuses the role of the Court with that of a secretary or personal assistant. As has been explained to him previously when these frivolous motions were made in other cases, the Court cannot provide assistance in accessing personal funds or in hiring private counsel. *See Cobble v. United States*, CV6:20-100, doc. 57 at 9 (S.D. Ga. Dec. 3, 2020) (rejecting nearly identical request); *United States v. Cobble*, CR5:14-077, doc. 761 at 3 (M.D. Ga. Aug. 18, 2020) ("The Court is also unaware of any authority requiring (or authorizing for that matter) the Court to assist a defendant to pursue funds to which he may or may not be entitled so that he can hire counsel

of his choice."). The motions to assist in the hiring of private counsel and securing funds are **DENIED**. Doc. 7; doc. 8.

Plaintiff's complaint was accompanied by a motion for emergency injunctive relief, seeking an order prohibiting prison and federal officials from violating the law and directing that he be placed in protective custody. Doc. 2. There is no such thing as an "emergency injunction," in this Court. Rather, the Court may issue a temporary restraining order ("TRO") without affording the opposing party notice and the opportunity to be heard if certain requirements are met. Fed. R. Civ. P. 65(b). The Court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B). Plaintiff has not provided the necessary affidavit or verified complaint. As he has failed to comply with the requirements of the rules, his motion for injunctive relief should be **DENIED**. Doc. 2.

As plaintiff attests that he is unable to secure the funds needed for the required filing fee, he moves for leave to proceed IFP. Doc. 5. Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Over the last two decades, plaintiff has been a prolific filer of largely meritless civil claims. This Court has previously found him to be barred from proceeding IFP under § 1915(g). *See Cobble v. Owens*, CV613-020, doc. 26, (S.D. Ga. Jun. 10, 2013) *adopting* doc. 23 (Apr. 17, 2013) (denying IFP and dismissing under 28 U.S.C. § 1915(g)). The Eleventh Circuit and at least nine other district courts have reached the same conclusion. *See Cobble v. Comm'r, Ga Dep't. of Corr.*, No. 11-11152-A (11th Cir. Apr. 27, 2020) (order) ("Cobble, as a prisoner, already has filed at least three prior civil actions or appeals that have been dismissed on the grounds that they were frivolous, malicious, or failed to

state a claim upon which relief may be granted. . . ."); *see also Cobble v. All Georgia Supreme Judges*, 2019 WL 9406494 (M.D. Ala. Oct. 28, 2019); (denying motion to proceed IFP and dismissing pursuant to 28 U.S.C. § 1915(g)); *Cobble v. United States Court of Appeals*, CV1:20-1222, doc. 3 (D.D.C. Jun. 5, 2020) (same); *Cobble v. United States District Judges*, CV5:19-3088, doc. 5 (E.D.N.C. Sep. 30, 2019) (same); *Cobble v. State of Georgia*, CV1:19-132, doc. 13 (E.D. Tenn. May 29, 2019) (same); *Cobble v. All 11th Circuit United States Clerks in Atlanta*, CV1:19-223, doc. 6 (N.D. Ga. Mar. 19, 2019) *adopting* doc. 2 (Jan. 25, 2019) (dismissing pursuant to 28 U.S.C. § 1915(g)); *Cobble v. Neeley*, 2018 WL 10604352 (M.D. Ga. Nov. 1, 2018): (denying motion to proceed IFP and dismissing pursuant to 28 U.S.C. § 1915(g)); *Cobble v. Pearce*, CV4:15-2730, doc. 5 (S.D. Tex. Oct. 29, 2015) (same); *Cobble c. City of Clarksville*, CV2:14-2183, doc. 13 (W.D. Ark. Feb. 5, 2015) *adopting* doc. 10 (Nov. 3, 2014) (same); *Cobble v. City of San Marcos and the Brown School*, CV1:13-705, doc. 5 (W.D. Tex. Aug. 19, 2013) (same). Even a cursory review reveals several cases to support invoking § 1915(g). *See Cobble v. Blalock*, 2014 WL 7372835 (D.D.C. Dec. 22, 2014) (dismissed for failure to state a claim); *Cobble v. Suter*, 2013 WL 4581367 (D.D.C. Jul. 10, 2013), aff'd 565

Fed. App'x 1 (D.C. Cir. 2014) (same); *Cobble v. Royal*, 2013 WL 4068184 (M.D. Ga. Aug. 12, 2013) (same); *Cobble v. Bloom*, CV 1:04-1150, doc. 3 (N.D. Ga. May 12, 2004) (dismissed as frivolous); *Cobble v. Ward*, CV1:04-560, doc. 3 (N.D. Ga. Mar. 31, 2004) (same); *Cobble v. Cobb City Police*, CV1:02-2821 (N.D. Ga. Nov. 6, 2002) (dismissed for failure to state a claim).

PLRA does provide an exception to the § 1915(g) restriction if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed.").

As might be expected of someone with plaintiff's litigation experience, an allegation of imminent physical injury is among the first allegations included in the complaint. Doc. 1 at 1. The allegations, however, are almost completely divorced from the facts alleged in the complaint. The complaint is the type of pleading, composed of disjointed conclusory statements and grievances, that are often disparagingly referred to as "shotgun pleadings." Such pleadings, which fail to adhere to the requirements of the Federal Rules designed to ensure that a defending party is provided enough clarity to adequately respond, have been a point of admonishment and criticism in this Circuit for decades. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 & n. 9 (11th Cir. 2015) (collecting cases). A typical shotgun pleading takes one of four forms:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, 819 Fed. App'x 836, 838 (11th Cir. 2020) (*citing Weiland*, 792 F.3d at 1321–23). Plaintiff's complaint fits each of

these categories. The allegations are supported by few facts and it is impossible to discern the context of any event, including when they occurred. It is difficult to determine what claims are being asserted and all but impossible for defendants to provide any response.

Many of those claims that can be discerned are transparently frivolous and border on abusive litigation. For example, plaintiff complains that he is part of the general prison population and has been assigned a roommate, against his wishes. Doc. 1 at 3 & 15. He is also upset that the prison has not corrected his erectile disfunction (purportedly caused by spider bites), medically "replaced" 60 pounds of muscle, implanted hair on his head and face, or removed bags around his eyes. *Id.* at 6–7, 12, & 14.

Among the seemingly random string of perceived injuries and slights, the only allegations to suggest an imminent risk are conclusory, general statements relating to the risk of COVID-19 exposure and other inmates possessing weapons. *Id.* at 1–2. These same assertions were raised in another case, in which the Court explained that they are too speculative to constitute an imminent threat. *See Cobble v. United States*, CV6:20-100, doc. 16 at 7–8 (S.D. Ga. Nov. 19, 2020); *id.*, doc. 61 at

7–8 (S.D. Ga. Mar. 31, 2021). That remains true in this matter as well. Suffice to say, none of the claims allege an "imminent danger of serious physical injury."

Plaintiff has also filed a "motion to add more new imminent danger of serious physical injury claims all cruel and unusual treatment violations." Doc. 9. Under the Federal Rules of Civil Procedure, a plaintiff is permitted to amend his pleadings once as a matter of course. Fed. R. Civ. P. 15(a)(1). Therefore, plaintiff's motion to amend is **GRANTED**. Doc. 9. The new allegations, however, do not constitute a risk of imminent injury. Plaintiff complains that a gang member can access his cell and that another gang member, who previously injured his hand, has been assigned to plaintiff's dormitory. *Id.* at 1. He has not alleged a pattern of ongoing danger or a threat of future injury. Any risk that might be suggested by the pleadings is, at best, speculative. *See Sutton*, 334 F. App'x. at 279 (§ 1915(g) requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)). As plaintiff has not alleged an imminent risk of

serious physical injury, he remains subject to the 29 U.S.C. § 1915(g) and his motion to proceed IFP should be **DENIED**.[1]

Plaintiff has also submitted to the Court an envelope filed with dozens of pieces of toilet paper, scribbled with allegations, complaints, and motions. (See docket note that Court is unable to scan paper). There is no local organization to the ramblings and a cursory review of the submission suggests that it runs in a similar vein to his earlier shotgun pleading, including complaints the prison officials have not replaced his eyes or permanently deepened his voice and, ironically, an accusation that he has not been provided with sufficient toilet paper. The Court will not sort through this haystack looking for the pin of a cogent claim that is unlikely to exist. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th

---

[1] In a note scribbled on an attachment to the IFP application, plaintiff alleges that he should not be subject to the Court's filing fees as he is of noble British ancestry. Doc. 5 at 3. He bases this belief on a flawed interpretation of the Constitution's Emoluments Clause. As this Court has previously informed plaintiff, the Emoluments Clause prohibits government officials from receiving gifts or benefits from a foreign government. U.S. Const. Art. I, §9, cl. 4 ("No title of nobility shall be granted by the United States: and no person holding any office of profit or trust under them, shall, without the consent of the Congress, accept of any present, emolument, office, or title, of any kind whatever, from any king, prince, or foreign state."). This Clause does not prohibit the Court, or any other federal department or agency, from assessing routine fees because of citizenship, ancestry, or foreign titles. Even the Queen of England would be required to pay the filing fee if bringing a civil case before the federal courts.

Cir. 1991) ("Judge are not like pigs, hunting for truffles buried in briefs."). If plaintiff desires an action from the Court or to amend his pleadings, he must file his motion on appropriate paper, as is required by the local rules. S.D. Ga. L.R. 5.4.

Accordingly, plaintiff's motions for assistance in hiring a private attorney and obtaining funds from a Georgia Department of Revenue account are **DENIED**. The Court **RECOMMENDS** that plaintiff's motions for emergency injunctive relief and leave to proceed *in forma pauperis* be **DENIED**. It is further **RECOMMENDED** that the complaint be **DISMISSED** as plaintiff is not entitled to proceed IFP.[2]

---

[2] Generally, a *pro se* plaintiff is granted at least one opportunity to amend and deficient complaint. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins*, 620 F. App'x at 711. That's the case here. Even a better drafted complaint that more articulately states valid causes of action would remain subject to dismissal under 28 U.S.C. § 1915(g). Furthermore, the Court is also not required to invite amendment to those claims that are transparently frivolous or abusive of the judicial process. *Nezbeda v. Liberty Mutual Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims sua sponte—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 8th day of April, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA